UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>BICK, *et al.*,<br><br>    Defendants. | Case No. 2:19-cv-01651-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL<br><br>ECF No. 24<br><br>ORDER DENYING AS MOOT DEFENDANTS' MOTION FOR AN EXTENSION OF TIME<br><br>ECF No. 31 |

  Plaintiff Thompson is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983, in which he alleges that defendants violated his Eighth Amendment rights by failing to treat adequately his chronic pain issues. He has filed a motion to compel defendants to produce several documents. ECF No. 24. Defendants have filed an opposition. ECF No. 25. For the reasons stated below, I will grant plaintiff's motion to compel.

**Legal Standards**

  Federal Rules of Civil Procedure 26 through 37 are designed to facilitate the process of discovery without judicial intervention. To obtain documents or electronically stored information, or to conduct an inspection of physical evidence, Rule 34 requires a party to serve a request on the opposing party that describes "with reasonable particularity the item or category of

1

1  items to be inspected." Fed. R. Civ. P. 34(b)(1)(A).

2  If a party follows these procedures and is not provided with the requested discovery, Rule 37 allows that party to file a motion to compel, but only after "confer[ing] or attempt[ing] to confer with the person or party . . . in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "[T]he party moving to compel bears the burden of demonstrating why [defendants'] objections are not justified." *Anderson v. Hansen*, No. 1:09-CV-01924-LJO-MJS (PC), 2013 WL 428737, at *1 (E.D. Cal. Feb. 1, 2013). Although pro se litigants in civil rights cases are not held to the same standard as parties with counsel, *see Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013), a plaintiff must at a minimum "inform[] the court of which discovery requests are the subject of his motion to compel," *Waterbury v. Scribner*, No. 1:05-CV-0764-OWW-DLB (PC), 2008 WL 2018432 at *1 (E.D. Cal. May 8, 2008); *see also* Eastern District Local Rule 251(d) ("Each specific interrogatory, deposition question or other item objected to . . . shall be reproduced in full.").

**Discussion**

As an initial matter, defendants argue that plaintiff's motion should be denied because he did not satisfy Rule 37's requirement to meet and confer with defense counsel before filing a motion to compel. *See* ECF No. 25 at 2. The court is vested with broad discretion to manage discovery in the interests of justice, subject to the overriding limitation of good faith. *See Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). Here, there is no indication of bad faith on the part of plaintiff, and I am mindful that defendants had failed to serve responses to plaintiff's requests before the discovery deadline. *See* ECF No. 23. In such circumstances, the court may relieve pro se prisoner litigants of the requirement to meet and confer prior to involving the court in a discovery dispute. *See, e.g.*, *Anderson*, 2013 WL 428737, at *1 (relieving pro se "state prisoner challenging his conditions of confinement . . . [of] the need to meet and confer in good faith prior to involving the Court in a discovery dispute"). Accordingly, I will proceed to the merits.

**A. Requests for Production Numbers 3, 4, 5, 9, 10, and 12**

Requests 3, 4, 5, and 12 seek "[a]ny and all rules and regulations, and policies of the

1 California Department of Corrections and Rehabilitation [("CDCR")] concerning[:] (3) the
2 treatment of prisoners with diabetes"; (4) the denial of plaintiff's pain medication and treatment
3 by Petras; (5) Bick's authorization of Petras' decisions with respect to plaintiff's pain medication
4 and treatment; and (12) drug testing of prisoners. ECF No. 24 at 13-14, 17. Request 9 seeks "any
5 and all documents relating to plaintiff being denied pain medication or medical treatment." ECF
6 No. 24 at 16. Request 10 seeks "any and all information, documents, reports, rules, regulations,
7 and policies by Dr. Bick or the pain committee to allow Dr. Petras to deny plaintiff medical
8 treatment and pain medication." *Id*. at 16.

9 Defendants object to these requests primarily on the grounds that "rules, regulations, and
10 policies have no bearing on a claim of deliberate indifference." *See id*. at 13-17; ECF No. 25-1 at
11 3-4. They claim that plaintiff has access to the documents in his medical record and that only
12 those documents are relevant to a claim of deliberate indifference. *Id.* Plaintiff argues that
13 policies, rules, and regulations can help show that defendants "knew that plaintiff face[d] a
14 substantial risk of serious harm." ECF No. 24 at 8.

15 Plaintiff is correct that policies, rules, regulations, and other facility- or department-wide
16 materials can help prove or defend a claim of deliberate indifference. The Federal Rules of Civil
17 Procedure permit discovery into "any matter, not privileged, that is relevant to the claim or
18 defense of any party." Fed. R. Civ. P. 26(b). Moreover, as defendants acknowledge, plaintiff's
19 claims center on "a policy change instituted by CDCR regarding the prescription of opium-based
20 pain medications." ECF No. 25 at 2. The knowing administration of harmful policies can form
21 the basis of a deliberate indifference claim. *See Colwell v. Bannister*, 743 F.3d 1060, 1063 (9th
22 Cir. 2014) ("[T]he blanket, categorical denial of medically indicated surgery solely on the basis of
23 an administrative policy . . . is the paradigm of deliberate indifference."). Accordingly, this
24 request seeks documents that are within the proper scope of discovery.

25 Nevertheless, defendants argue that they are not custodial officers of CDCR and therefore
26 do not "have possession, custody, or control to (sic) the type of rules, regulations, and policies
27 sought here." ECF No. 25 at 5. While defendants might lack legal custody of the documents
28 requested, I am not persuaded that they lack possession or control, "defined as the legal right to

3

obtain documents upon demand." *United States v. International Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1451 (9th Cir. 1989). It is this court's experience that individual defendants employed by CDCR can obtain documents—including rules, regulations, and policies—by requesting them from CDCR. *See Mitchell v. Adams*, No. CIV S-06-2321 GEB GGH (P), 2009 WL 674348, at *9 (E.D. Cal. Mar. 6, 2009); *Nible v. Knowles*, No. 1:06-CV-01716-DLB PC, 2011 WL 2160907, at *5 (E.D. Cal. June 1, 2011); *Dickey v. Churray*, No. CIV S-03-2215 MCE PA, 2006 WL 1153796, at *2 (E.D. Cal. May 2, 2006). During the relevant period, defendant Petras was employed as a physician at California Medical Facility ("CMF") and defendant Bick was the Chief Medical Executive at CMF; neither Petras nor Bick claim that they are no longer employed by CDCR. ECF No. 26.[1]

Accordingly, I will grant plaintiff's motion to compel documents responsive to requests 3, 4, 5, 9, 10, and 12.[2]

**B. Request for Production #8**

Request 8 seeks "any and all documents relating to Dr. Petras' prison medical training." ECF No. 24 at 15.

Defendant Petras argues that training materials are not relevant because "deliberate indifference is not mere medical negligence, but encompasses a state of mind unconnected to medical training." ECF No. 25-1 at 6-7. Plaintiff contends that the material will help establish

---

[1] Additionally, while I express no opinion on the merits of defendants' pending motion for summary judgment, I have reviewed the filings and find their contents helpful for the disposition of plaintiff's motion to compel. In moving for summary judgment, defendants argue both that their actions were taken pursuant to policies and guidelines and that those policies and guidelines are consistent with the recommendations of medical research and oversight bodies. ECF No. 26 at 9-10. This argument appears to contradict defendants' representations in the present motion that "documents, reports, rules, regulations, and policies" are outside the scope of discovery, and that defendants lack possession or control of such documents.

[2] Defendants have not objected that plaintiff's requests are vague. Nevertheless, I am mindful of the potential vagueness in the operative terms used by plaintiff: "information, documents, reports, rules, regulations, and policies." ECF No. 24 at 16. In keeping with the overriding mandate of good faith, defendants are advised to exercise due diligence to provide all documents that they identify as responsive to plaintiff's request and, if necessary, to meet and confer with plaintiff as to whether their responses are sufficient. To the extent that a responsive document is already available to plaintiff in his medical record, defendants need not reproduce such documents.

that defendant's conduct manifested deliberate indifference to his serious medical needs. ECF No. 24 at 6. "[D]ue to the professional expertise of medical defendants," records of their education and training are "generally assumed to be relevant" in medical deliberate indifference cases. *Kilgore v. Mandeville*, No. 2:07-CV-2485-GEB-KJN (P), 2010 WL 2557702, at *7 (E.D. Cal. June 21, 2010) (citations omitted); *see also Heilman v. Cook*, No. 14-CV-1412-JLS-MDD, 2016 WL 6680099, at *1-2 (S.D. Cal. Nov. 14, 2016). Defendants have not provided contrary authority, and I see no basis for distinguishing this general principle.

Petras argues that, even if training records are relevant, "the request is a violation of [his] privacy rights" because "disclosure of [his] medical training and education is a security threat and could expose [him], his family, his colleagues, and those who provided his education to threats of violence and harassment." *Id.* This argument is also unavailing. "[C]ourts have generally found that a plaintiff's need for the records outweighs individual privacy interests when employment, training, and internal investigation records are sought in a civil rights case." *Jacobo v. Los Angeles Cty.*, No. CV 11-07212 GW (SSX), 2012 WL 13009164, at *3 (C.D. Cal. Aug. 7, 2012). The redaction of personal information has been found an adequate remedy for such concerns, *e.g. Heilman*, 2016 WL 6680099, at *1-2, and defendants have not identified countervailing authority. Accordingly, I will grant plaintiff's motion to compel documents responsive to request 9 and order defendant Petras to provide records of his prison medical training with redactions, as necessary, for sensitive personal information.

I will order defendants to provide their responses to plaintiff's requests within fourteen days from the date of this order. Given that the documents may be relevant to defendants' pending motion for summary judgment, ECF No. 26, I will grant plaintiff thirty-five days from the date of this order to review the documents and, if appropriate, to file a supplemental opposition.[3] Defendants will have forty-five days from the date of this order to file a reply to

---

[3] Plaintiff is advised that if he would like the court to consider additional documents in adjudicating defendants' motion for summary judgment, he must submit a copy of those documents with his supplemental opposition.

plaintiff's opposition and potential supplemental opposition.[4]

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to compel, ECF No. 24, is granted as follows:

    a. within fourteen days of the date of this order, defendants shall produce all documents responsive to the requests in plaintiff's motion to compel;

    b. defendants will redact any confidential personal information from documents provided in response to plaintiff's request for production number eight.

2. Plaintiff is granted thirty-five days from the date of this order to review the discovery and, if appropriate, to file a supplemental opposition.

3. Defendants are granted forty-five days from the date of this order to file a reply to plaintiff's opposition and supplementary opposition, if any.

4. Defendants' motion for an extension of time to file their reply, ECF No. 31, is denied.

IT IS SO ORDERED.

Dated:   March 8, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[4] Because I will modify the scheduling order to permit the parties additional time to complete briefing on their pending motion for summary judgment, I will deny defendants' outstanding motion for an extension of time to file a reply as moot.  ECF No. 31.